**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.:**

Sonam D. Phuntsok,

       Plaintiff,

                                                 **COMPLAINT**
v.                                     **WITH JURY TRIAL DEMAND**

NCO Financial Systems, Inc.,

       Defendant.

## PRELIMINARY STATEMENT

1.     This action for damages is based on Defendant's attempt to collect from Plaintiff a debt that was not his, after he told Defendant the debt was not his and told Defendant to stop all collection activity against him.

## PARTIES

2.     Plaintiff Sonam D. Phuntsok is natural person who resides in the City of Columbia Heights, County of Anoka, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3.     Defendant NCO Financial Systems, Inc., ("NCO") does business in Minnesota and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

4.      Because this case arises under the Fair Debt Collection Practices Act, 15 U.S.C. §

1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and

supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

5.      Venue is proper in this Court because a substantial part of the claim arose in

Minnesota, and Defendant "resides" in Minnesota, as that term is used in 28 U.S.C. §

1391.

## FACTUAL ALLEGATIONS

6.      Defendant confused Plaintiff with another person named Sonam Phuntsok.

7.      The other Sonam Phuntsok never lived at Plaintiff's address in Columbia Heights,

Minnesota.

8.      Plaintiff received at his Columbia Heights address a debt collection letter from

Defendant dated August 26, 2009.

9.      The alleged debt belonged to the other Sonam Phuntsok, not Plaintiff.

10.     The alleged debt was primarily for personal, family, or household purposes and

was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.     Plaintiff sent Defendant a response letter, dated September 2, 2009.

12.     Plaintiff's September 2, 2009, letter to Defendant showed Plaintiff's Columbia

Heights address in the letterhead and explained that Plaintiff was not the one who

owed the debt.

13.    Plaintiff's September 2, 2009, letter to Defendant instructed Defendant to stop all collection activity against Plaintiff on the account.

14.    Defendant received Plaintiff's September 2, 2009, letter.

15.    On June 8, 2010, the other Sonam Phuntsok died.

16.    In a letter dated July 13, 2010, Defendant further communicated with Plaintiff with respect to the debt.

17.    Defendant's July 13, 2010, letter was addressed to "Executor/Administrator Estate of Sonam Phuntsok" at Plaintiff's address on Polk Street NE in Columbia Heights.

18.    Defendant's July 13, 2010, letter falsely indicated that Sonam Phuntsok of Polk Street NE in Columbia Heights was dead.

19.    Defendant's July 13, 2010, letter falsely indicated that Sonam Phuntsok of Polk Street NE in Columbia Heights had owed the debt.

20.    Defendant's July 13, 2010, letter sought payment of the debt from Plaintiff's alleged estate.

21.    As a result of Defendant's actions and omissions, Plaintiff has suffered actual damages including emotional distress.

## **TRIAL BY JURY**

22.    Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I:
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692c(c), 1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), 1692f, 1692f(1)

23.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

24.    Defendant's foregoing actions and omissions in connection with its attempts to collect the alleged debt violated 15 U.S.C. §§ 1692c(c), 1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), 1692f, and 1692f(1).

25.    As a result of Defendant's violations of §§ 1692c(c), 1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), 1692f, and 1692f(1), Plaintiff has suffered actual damages including emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

26.    Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant $1,000 in statutory damages and reasonable attorney's fees and costs.

### COUNT II:
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

27.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

28.   By its aforementioned actions and omissions, Defendant intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion and/or private concerns or affairs.

29.   Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt.

30.   Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns or affairs.

31.   The intrusions by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

32.   As a result of such invasions of privacy, Plaintiff has suffered actual damages including emotional distress.

## WHEREFORE,

Plaintiff prays that judgment be entered against Defendant for:

   a.) Plaintiff's actual damages;

   b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

   c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

   d.) Such other and further relief as may be just and proper.

Dated: _____10/7/10_____         **GOOLSBY LAW OFFICE, LLC**

By: _____s/John H. Goolsby_____
John H. Goolsby, #0320201
2021 East Hennepin Avenue, Suite 195
Minneapolis, MN 55413
Telephone:  (612) 331-8700
jgoolsby@goolsbylawoffice.com
**Attorney for Plaintiff**

## <u>VERIFICATION OF COMPLAINT</u>
## <u>AND CERTIFICATION BY PLAINTIFF</u>

STATE OF MINNESOTA                  )
                                             ) ss

COUNTY OF HENNEPIN               )


I, Sonam D. Phuntsok, having first been duly sworn and upon oath, depose and say as follows:

1.  I am the Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I am bringing this civil Complaint in good faith and solely for the purposes set forth in it.


_____
Sonam D. Phuntsok


Subscribed and sworn to before me

this ___ day of October, 2010.


_____
Notary Public